# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Joginder Singh Gill
Jaswinder Kaur

**DEFENDANTS**

Robin L. Barrett; Emilio T. Gonzalez; Michael Chertoff; Alberto Gonzales; Robert S. Mueller, III

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert B. Jobe, Law Office of Robert B. Jobe, 550 Kearny St., Ste. 200, San Francisco, CA 94108 (415-956-5513)

ATTORNEYS (IF KNOWN)

US Attorney's Office, 450 Golden Gate, 11th Fl., San Francisco, CA 94102

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding ☐ Removed from State Court ☐ Remanded from Appellate Court ☐ Reinstated or Reopened ☐ Transfered from Another district (specify) ☐ Multidistrict Litigation ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liabiltiy
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☑ 890 Other Statutory Actions

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl.Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights
- ☐ 445 Amer w/ disab - Empl
- ☐ 446 Amer w/ disab - Other
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (US Plaintiff or Defendant
- ☐ 871 IRS - Third Party 26 USC 7609

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

8 USC 1447(b) (statutory); 28 USC 1331 and 1361 (civil action); 5 USC 706(1) (Administrative Procedure Act)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $☐ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY) ☑ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 8/7/07 SIGNATURE OF ATTORNEY OF RECORD

E-Filing

ORIGINAL FILED
07 AUG -8 PM 3:03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
Tel: (415) 956-5513
Fax: (415) 840-0308

Attorney for Plaintiffs/Petitioners,
Joginder Singh Gill and Jaswinder Kaur

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PJH

| | |
|---|---|
| JOGINDER SINGH GILL,<br>JASWINDER KAUR,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>ROBIN L. BARRETT, FIELD OFFICE DIRECTOR, USCIS SAN FRANCISCO DISTRICT OFFICE; EMILIO T. GONZALEZ, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ALBERTO GONZALES, U.S. ATTORNEY GENERAL; ROBERT S. MUELLER, III, DIRECTOR, FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants/Respondents. | No. C 07 4080<br>Alien Nos. 72-012-826<br>75-254-408<br><br>PETITION FOR *DE NOVO* REVIEW OF PETITIONERS' APPLICATIONS FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1) |

1. Pursuant to 8 U.S.C. § 1447(b), Plaintiffs/Petitioners, Joginder Singh Gill ("Mr. Gill") and his wife, Jaswinder Kaur ("Ms. Kaur"), hereby petition this Court to conduct a *de novo* review of their applications for naturalization and grant their applications or, if necessary, order that a hearing be held in the matter. In the alternative, Mr. Gill and Ms. Kaur request the Court to order Defendants/Respondents to immediately adjudicate their applications for naturalization. In support of this complaint, Mr. Gill and Ms. Kaur allege as follows:

PETITION FOR *DE NOVO* REVIEW OF PETITIONERS' APPLICATIONS FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)

**JURISDICTION**

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment; 5 U.S.C. § 706(1), as a challenge to agency inaction under the Administrative Procedure Act; and 8 U.S.C. § 1447(b), as an application for a hearing on a naturalization application in a case where there has been a "failure to make a determination" on that application within 120 days of "the date on which the examination [was] conducted." *See also U.S. v. Hovsepian*, 359 F.3d 1144, 1159-63 (9th Cir. 2004) (en banc) (holding that under 8 U.S.C. § 1447(b), the District Court has "exclusive jurisdiction over . . . naturalization applications" where such applications have been pending for over 120 days after the applicant's examination).

**VENUE**

3. Under 8 U.S.C. § 1447(b) and 28 U.S.C. § 1391(e)(3), the appropriate venue for this action is the district in which Mr. Gill and Ms. Kaur reside, i.e. the Northern District of California. *See* 8 U.S.C. § 1447(b) ("If there is a failure to make a determination [on a naturalization application] before the end of the 120-day period after the date on which [the naturalization] examination [was] conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter . . ."); 28 U.S.C. § 1391(e)(3)("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.").

**PARTIES**

4. Plaintiff/Petitioner, Mr. Gill, is a 41-year old native of India, who has been a lawful permanent resident of the United States since approximately February 1, 1994. On approximately April 22, 2002, he applied for naturalization and was interviewed and examined by the Department of Homeland Security's U.S. Citizenship and Immigration Services ("USCIS") with regards to that application on December 16, 2002. At that time, the USCIS determined that Mr. Gill had met all of the requirements for naturalization, but informed him that a final decision could not be made on his case until security checks were completed. Nearly five years later, Mr. Gill is still awaiting adjudication of his naturalization application.

5. Plaintiff/Petitioner, Ms. Kaur, is a 37-year old native of India, who has been a lawful permanent resident of the United States since approximately March 1, 2001. On approximately December 7, 2005 she applied for naturalization and was interviewed and examined by the USCIS with regards to that application on March 31, 2006. At that time, the USCIS determined that Ms. Kaur had met all of the requirements for naturalization, but informed her that a final decision could not be made on her case until security checks were completed. More than one year later, Ms. Kaur is still awaiting adjudication of her naturalization application.

6. Defendant/Respondent, Robin L. Barrett, is the Field Office Director of USCIS's San Francisco District Office and is sued in her official capacity. She is responsible for determining applications for naturalization adjudicated by the San Francisco District Office and its sub-offices pursuant to 8 U.S.C. §§ 1421, 1427, and 8 C.F.R. §§ 310.1, 316.3.

7. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens. Defendant/Respondent Gonzalez is sued herein in his official capacity.

8. Defendant/Respondent, Michael Chertoff, is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS"). In that capacity, he

has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103, as amended.

9. Defendant/Respondent, Alberto Gonzales, is sued in his official capacity as the Attorney General of the United States. He retains certain responsibilities for administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. Defendant/Respondent Gonzales is sued in his official capacity to the extent he is charged with the administration of the Department of Justice, including the Federal Bureau of Investigation ("FBI"), and has responsibility for providing access to criminal history record information pursuant to 8 U.S.C. §§ 1105(b), 1103(g).

10. Defendant/Respondent, Robert S. Mueller, III, is the Director of the FBI and is sued in his official capacity. Defendant/Respondent Mueller is charged with the administration of the FBI, and with providing criminal background information, if any, relating to naturalization applicants, pursuant to 8 C.F.R. § 335.2(b).

## FACTS

11. Mr. Gill is a 41-year old native of India, who currently resides at 4433 Hardwood Street, Fremont, CA 94538. On or about February 1, 1994, Mr. Gill was granted lawful permanent residence in the U.S. based on his asylum status.

12. Mr. Gill filed an application for naturalization with the USCIS on approximately April 22, 2002, pursuant to 8 U.S.C. § 1445.[1] At the time Mr. Gill filed for naturalization, he was statutorily eligible to naturalize since he had been a lawful permanent resident for 5 years; he had been physically present in the United States for at least half of that time (over 30 of 60 months); and he had been a person of good moral character. 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10. Mr. Gill was fingerprinted in connection with that application on March 12, 2004.

---

[1] Under 8 U.S.C. § 1445(a), Mr. Gill was authorized to file his application up to three months before the date he would have otherwise met the continuous residence requirement.

PETITION FOR *DE NOVO* REVIEW OF PETITIONERS' APPLICATIONS FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)

-4-

13. On December 16, 2002, the San Francisco District Office of the USCIS interviewed Mr. Gill and determined that his application could not be approved until the FBI security checks were completed in his case.

14. Now, more than four years after his naturalization examination, Mr. Gill is still awaiting a decision on his application.

15. Ms. Kaur is a 37-year old native of India, who currently resides at 4433 Hardwood Street, Fremont, CA 94538. On or about March 1, 2001, Ms. Kaur was granted lawful permanent residence in the U.S. based on her asylum status, derived through her husband, Mr. Gill.

16. Ms. Kaur filed an application for naturalization with the USCIS on approximately December 7, 2005, pursuant to 8 U.S.C. § 1445. At the time Ms. Kaur filed for naturalization, she was statutorily eligible to naturalize since she had been a lawful permanent resident for 5 years; she had been physically present in the United States for at least half of that time (over 30 of 60 months); and she had been a person of good moral character. 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10. Ms. Kaur was fingerprinted in connection with that application on January 18, 2006.

17. On March 31, 2006, the San Francisco District Office of the USCIS interviewed Ms. Kaur and determined that her application could not be approved until the FBI security checks were completed in her case.

18. Now, more than one year after her naturalization examination, Ms. Kaur is still awaiting a decision on her application.

**FIRST CAUSE OF ACTION**
**(FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF EXAMINATION)**

19. The allegations contained in paragraphs 1 through 18 are repeated and incorporated herein.

20. The DHS failed to adjudicate Mr. Gill's and Ms. Kaur's applications for

naturalization within 120 days of their interviews. As the Ninth Circuit articulated in *Hovsepian*, 359 F.3d at 1161:

> 8 U.S.C. § 1447(b) requires [DHS] to make a decision regarding a naturalization application within 120 days of [DHS's] initial interview of the application. Further § 1447(b) specifies a consequence for failure to meet this deadline, namely, that the district court gains jurisdiction over the matter (upon the applicant's request) until the district court decides the case or exercises its discretion to remand the matter to [DHS].

Because Mr. Gill and Ms. Kaur have demonstrated their statutory eligibility for naturalization pursuant to 8 U.S.C. §§ 1427 and 1430, this Court should grant their applications for naturalization.

## SECOND CAUSE OF ACTION
## (MANDAMUS)

21. The allegations contained in paragraphs 1 through 20 are repeated and incorporated herein.

22. Mr. Gill's and Ms. Kaur's naturalization applications are delayed due to Defendant/Respondent Mueller's failure to timely perform criminal background checks and/or the other Defendants/Respondents' failure to act on those applications.

23. Pursuant to 28 U.S.C. § 1361, this Court has jurisdiction to compel Defendant/Respondent Mueller to complete all necessary background checks and provide the results of those background checks to this Court, so that this Court can conduct a *de novo* review of Mr. Gill's and Ms. Kaur's applications expediently.

24. Accordingly, this Court should compel Defendant/Respondent Mueller to complete and release the results of Mr. Gill's and Ms. Kaur's criminal background checks to this Court, so that their applications for naturalization may be immediately adjudicated.

## THIRD CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT)

25. The allegations contained in paragraphs 1 through 24 are repeated and incorporated herein.

26. Mr. Gill and Ms. Kaur are aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to complete and provide the results of the criminal background checks to USCIS, Defendant/Respondent Mueller has "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706(1). In the alternative, if the background checks have been completed, the remaining Defendants/Respondents have unlawfully delayed final adjudication of Mr. Gill's and Ms. Kaur's applications.

27. Accordingly, this Court should compel Defendant/Respondent Mueller to complete and release the results of Mr. Gill's and Ms. Kaur's criminal background checks to this Court, so that their applications for naturalization may be immediately adjudicated. On the other hand, if Defendant/Respondent Mueller has completed the background checks, the Court should compel the other Defendants/Respondents to immediately adjudicate Mr. Gill's and Ms. Kaur's applications.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs/Petitioners pray that this Court grant the following relief:

(1) Assume jurisdiction over the matter;

(2) Compel the completion and immediate release of Plaintiffs/Petitioners' criminal background check results;

(3) Conduct a *de novo* review of Plaintiffs/Petitioners' applications for naturalization and grant them naturalization or compel the Defendants/Respondents to immediately adjudicate Mr. Gill's and Ms. Kaur's applications;

(4) If necessary, order that a hearing take place in the matter; and

(5) Grant such further relief as the Court deems just and proper.

Dated: August 7, 2007

Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

Robert B. Jobe
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308 (fax)
bob@jobelaw.com

Counsel for Plaintiffs/Petitioners